UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEADFAST INSURANCE COMPANY, a subsidiary of ZURICH HOLDING COMPANY OF AMERICA, INC., | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 18-cv-457-GKF-JFJ |
| EAGLE ROAD OIL, LLC; CUMMINGS OIL COMPANY; TERRITORY RESOURCES, LLC; ENERVEST OPERATING, LLC; PETRO WARRIOR, LLC; PETROQUEST ENERGY, LLC; and TRINITY OPERATING (USG) LLC, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT ENERVEST OPERATING, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant EnerVest Operating, LLC ("EnerVest"), for its Answer to Plaintiff's Complaint [Dkt. 2], states as follows:

**NATURE OF ACTION**

1.  EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 1; therefore they are denied.

2.  EnerVest denies the allegations contained in paragraph 2.

3.  EnerVest denies the allegations contained in paragraph 3.

4.  EnerVest denies the allegations contained in paragraph 4.

5.  EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 5; therefore they are denied.

1

743710/16477

2

**PARTIES**

6.     EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 6; therefore they are denied.

7.     EnerVest admits the allegations contained in paragraph 7.

8.     EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 8; therefore they are denied.

9.     EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 9; therefore they are denied.

10.    EnerVest admits that it is a Delaware limited liability company with its principal place of business at 1001 Fannin Street, Suite 800, Houston Texas 77002. EnerVest denies the remaining allegations contained in paragraph 10.

11.    EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 11; therefore they are denied.

12.    EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 12; therefore they are denied.

13.    EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 13; therefore they are denied.

14.    Paragraph 14 contains no legal or factual allegations which require a response by EnerVest.

**JURISDICTION AND VENUE**

15.    EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 15; therefore they are denied.

16. EnerVest admits that it has done business in Oklahoma before, including wastewater disposal operations. EnerVest denies the remaining allegations contained in paragraph 16.

17. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 17; therefore they are denied.

18. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 18; therefore they are denied.

## FACTUAL ALLEGATIONS

19. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 19; therefore they are denied.

20. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 20; therefore they are denied.

21. EnerVest denies the allegations contained in paragraph 21.

22. EnerVest denies the allegations contained in paragraph 22.

23. EnerVest denies the allegations contained in paragraph 23.

24. EnerVest admits produced water is generally disposed into subsurface formations but denies the remaining allegations contained in paragraph 24.

25. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 25; therefore they are denied.

26. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 26; therefore they are denied.

27. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 27; therefore they are denied.

743710/16477

28. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 28; therefore they are denied.

29. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 29; therefore they are denied.

30. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 30; therefore they are denied.

31. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 31; therefore they are denied.

32. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 32; therefore they are denied.

33. EnerVest denies the allegations contained in paragraph 33.

34. EnerVest denies the allegations contained in paragraph 34.

35. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 35; therefore they are denied.

36. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 36; therefore they are denied.

37. EnerVest denies the allegations contained in paragraph 37.

38. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 38; therefore they are denied.

39. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 39; therefore they are denied.

40. EnerVest denies the allegations contained in paragraph 40.

41. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 41; therefore they are denied.

42. EnerVest admits it was the record-operator of the identified salt water disposal wells for a period of time prior to August 2016 but denies the remaining allegations contained in paragraph 42.

43. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 43; therefore they are denied.

44. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 44; therefore they are denied.

45. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 45; therefore they are denied.

46. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 46; therefore they are denied.

## CLAIMS FOR RELIEF

## COUNT I

## ABSOLUTE LIABILITY

Subject to its contemporaneously filed Motion to Dismiss this claim, EnerVest responds to numbered paragraphs 47-57 as follows:

47. Paragraph 47 contains no legal or factual allegations which require a response by EnerVest.

48. EnerVest denies the allegations contained in paragraph 48.

49. EnerVest admits that it conducted wastewater disposal operations in the State of Oklahoma. Because the phrase "near Pawnee" is undefined and imprecise, EnerVest denies the

remaining allegations contained in paragraph 49. EnerVest lacks sufficient information to deny the allegations contained in paragraph 49 as to the other named Defendants.

50. EnerVest denies the allegations contained in paragraph 50.

51. EnerVest denies the allegations contained in paragraph 51.

52. EnerVest denies the allegations contained in paragraph 52.

53. EnerVest denies the allegations contained in paragraph 53.

54. EnerVest denies the allegations contained in paragraph 54.

55. EnerVest admits that fracking wastewater is a necessary part of oil and gas exploration and is of value to the community. EnerVest denies the remaining allegations contained in paragraph 55.

56. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 56; therefore they are denied.

57. EnerVest denies the allegations contained in paragraph 57.

## CLAIM II

## NEGLIGENCE

58. Paragraph 58 contains no legal or factual allegations which require a response by EnerVest.

59. EnerVest denies the allegations contained in paragraph 59.

60. EnerVest denies the allegations contained in paragraph 60.

## CLAIM III

## PRIVATE NUISIANCE

61. Paragraph 61 contains no legal or factual allegations which require a response by EnerVest.

62. EnerVest denies the allegations contained in paragraph 62.

63. EnerVest denies the allegations contained in paragraph 63.

64. EnerVest denies the allegations contained in paragraph 64.

## CLAIM IV

## TRESPASS

65. Paragraph 65 contains no legal or factual allegations which require a response by EnerVest.

66. EnerVest is without sufficient information to admit or deny the allegations contained in paragraph 66; therefore they are denied.

67. EnerVest denies the allegations contained in paragraph 67.

68. EnerVest denies the allegations contained in paragraph 68.

## DEMAND FOR JURY TRIAL

69. EnerVest also demands a trial by jury.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim on which relief may be granted.

2. Plaintiff failed to join all necessary parties to this action.

3. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

4. Plaintiff's claims are barred, in whole or in part, by the permits issued by the applicable regulatory agencies of the State of Oklahoma and by police powers of the State to regulate oil and gas operations, including saltwater disposal operations.

5. Plaintiff lacks standing to bring the claims asserted.

6. Plaintiff's claims are barred by breach of duty or contract, default, negligence or other failure or misconduct by persons beyond the control of EnerVest.

7. No act, breach, or omission of EnerVest either proximately caused or contributed to whatever damages, if any, Plaintiff may have sustained and, on account thereof, Plaintiff is not entitled to any recovery from EnerVest.

8. The earthquakes identified in Plaintiff's Complaint were caused by force majeure or an Act of God.

9. As discovery is continuing, EnerVest reserves the right the right to amend this Answer to assert additional defenses and/or claims, as appropriate.

WHEREFORE, having fully answered, Defendant, EnerVest Operating, LLC, prays that Plaintiff take nothing by way of its Complaint, and that this Defendant be awarded its costs and attorney fees, if appropriate, and such other and further relief as this Defendant may be entitled to in law or in equity.

Respectfully submitted,

/s/ Greg A. Castro
Greg A. Castro, OBA No. 11787
Mark K. Stonecipher, OBA No. 10483
C. Eric Shephard, OBA No. 22299
FELLERS, SNIDER, BLANKENSHIP,
 BAILEY & TIPPENS, P.C.
100 North Broadway, Suite 1700
Oklahoma City, OK  73102-9211
Telephone:  (405) 232-0621
Facsimile:  (405) 232-9659
*GCastro@FellersSnider.com*
*MStonecipher@FellersSnider.com*
*EShephard@FellersSnider.com*

***Attorneys for Defendant, EnerVest Operating, LLC***

8

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 4, 2018, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all listed ECF registrants.

               */s/* Greg A. Castro
               Greg A. Castro