# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEADFAST INSURANCE COMPANY, )<br>a subsidiary of ZURICH HOLDING )<br>COMPANY OF AMERICA, INC., )<br>)<br>      **Plaintiff,** )<br>)<br>v. )<br>)<br>EAGLE ROAD OIL, LLC; )<br>CUMMINGS OIL COMPANY; )<br>TERRITORY RESOURCES, LLC; )<br>ENERVEST OPERATING, LLC; )<br>PETRO WARRIOR, LLC; )<br>PETROQUEST ENERGY, LLC; and )<br>TRINITY OPERATING (USG) LLC, )<br>)<br>      **Defendants.** ) | Case No. 18-cv-457-GKF-JFJ |

## DEFENDANT ENERVEST OPERATING, LLC'S
## MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT
## (ENTITLED "ABSOLUTE LIABILITY")

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant EnerVest Operating, LLC ("EnerVest") hereby moves to dismiss Count I of Plaintiff Steadfast Insurance Company's ("Plaintiff") Complaint [Dkt. 2], which is entitled "Absolute Liability." Plaintiff has failed to state a claim for "Absolute Liability" – better known as strict liability – because Plaintiff has failed to plead sufficient facts establishing that wastewater disposal constitutes ultrahazardous activity. In support, EnerVest states as follows:

## INTRODUCTION

Plaintiff seeks to impose liability on EnerVest and other named Defendants for monies that Plaintiff, an insurer, allegedly had to pay to the Pawnee Nation of Oklahoma ("Nation") as a result of earthquakes that occurred in and around Pawnee, Oklahoma between September 3, 2016 and November 30, 2016. *See* Complaint [Dkt. 2]. Plaintiff blames these earthquakes on

wastewater disposal operations by EnerVest and the other named Defendants and more broadly blames the entire Oklahoma oil and gas industry for thousands of earthquakes that have occurred in the State of Oklahoma during the same time frame.

The only claim that is the subject of this Motion is Plaintiff's claim for "absolute liability," which is set forth in Count I of the Complaint [Dkt. 2] and is more properly known as strict liability in tort.  While Oklahoma law recognizes the type of strict liability tort claim asserted by Plaintiff here (one based on conducting allegedly ultrahazardous activity), Plaintiff must allege sufficient facts demonstrating that the activity at issue is abnormally dangerous in order to survive dismissal at the pleading stage.

Plaintiff's strict liability claim should not survive dismissal here.  The question of whether activity is abnormally dangerous is a question of law for the Court in all cases, and "**courts have uniformly refused to find that oil and natural gas drilling and related activities are ultra hazardous or abnormally dangerous**." *Ely v. Cabot Oil and Gas Corp.,* 38 F.Supp.3d 518, 520 (M.D. Penn. 2014) (emphasis added).  As the Oklahoma Supreme Court recognized more than thirty (30) years ago in 1988, wastewater is a necessary byproduct of oil and gas production, and the disposal of that wastewater is a necessary result of oil and gas production.  *Cumberland Operating Co. v. Ogez,* 1988 OK 14, 769 P.2d 105, 107-08.  Plaintiff cannot point to any authority finding that wastewater disposal constitutes an ultrahazardous activity.  Count I of Plaintiff's Complaint [Dkt. 2] should therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**ARGUMENT AND AUTHORITIES**

I. **Plaintiff Has Failed to State a Claim for Strict Liability Because It Has Failed to Plead Sufficient Facts Showing that the Disposal of Wastewater Is an Ultrahazardous Activity.**

Oklahoma law recognizes strict liability in tort for conducting abnormally dangerous (ultrahazardous) activity that causes harm to the person, land or chattels of another. *See, e.g. Davis v. City of Tulsa,* 2004 OK CIV APP 28, ¶ 13, 87 P.3d 1106, 1109. Whether an activity is abnormally dangerous is a question of law for the Court. *Taylor v. Hesser,* 1998 OK CIV APP 151, 991 P.2d 35, 39; Restatement (Second) of Torts § 520, cmt *l* ("Whether the activity is an abnormally dangerous one is to be determined by the court . . ."). To determine whether activity is abnormally dangerous, the Court should consider the following factors:

(a) existence of a high degree of risk of some harm to the person, land or chattels of others;

(b) likelihood that the harm that results from it will be great;

(c) inability to eliminate the risk by the exercise of reasonable care;

(d) extent to which the activity is not a matter of common usage;

(e) inappropriateness of the activity to the place where it is carried on; and

(f) extent to which its value to the community is outweighed by its dangerous attributes.

*Id.* But the crux of the inquiry is whether the activity's "dangers and inappropriateness for the locality [are] so great that, despite any usefulness it may have for the community, [the person carrying out the activity] should be required as a matter of law to pay for any harm it causes, without the need of a finding of negligence." Restatement (Second) of Torts § 520, cmt *f*.

Courts applying Oklahoma law have found very few activities to be abnormally dangerous for purposes of this strict liability tort. By way of example, courts have imposed strict

3

liability under this theory for: (1) keeping wild animals – *City of Mangum v. Brownlee,* 1938 OK 6, 75 P.2d 174; (2) using explosives – *Seismograph Serv. Corp. v. Buchanan,* 1957 OK 217, 316 P.2d 185; and (3) spraying poison – *Young v. Darter,* 1961 OK 142, 363 P.2d 829.  There are no Oklahoma cases (state or federal) that have found that underground wastewater disposal made necessary as a result of oil and gas activities is abnormally dangerous.  Instead, and as previously noted herein, "courts have uniformly refused to find that oil and natural gas drilling and related activities are ultra hazardous or abnormally dangerous, and thus have found that such activities are **not subject to strict liability under tort law**." *Ely,* 38 F.Supp.3d at 520 (emphasis added). "[C]ourts have consistently found that claims for property damage and personal injury allegedly resulting from natural gas drilling operations are **governed by the more traditional negligence principles**." *Id.* (emphasis added).

Drilling and operating oil and gas wells is common in Oklahoma and is an important part of the State's economy and is highly regulated by numerous state and federal agencies.  As the Oklahoma Supreme Court recognized in 1988, wastewater disposal is a necessary byproduct of oil and gas production.  *Cumberland Operating,* 769 P.2d at 107-08.  The underground injection methods Plaintiff characterizes as abnormally dangerous have been expressly approved and regulated by the Oklahoma Corporation Commission for disposing of produced water and other fluids.  *See* OAC § 165:10-5-1 – 165:10-5-14 (regulations governing underground injection wells).  The fact that the Oklahoma Corporation Commission has both approved and regulated, in detailed fashion no less, the disposal of produced water and other fluids establishes on its own that underground injection should not be, and is not, considered an ultrahazardous activity.  The Oklahoma Corporation Commission has approved permits for hundreds of entities to use

4

underground injection, and EnerVest doubts that the Oklahoma Corporation Commission is in the business of expressly authorizing activities that it believes to be ultrahazardous.

Under these circumstances, Plaintiff has not only failed to allege sufficient facts establishing that the wastewater disposal at issue was abnormally dangerous, but Plaintiff is attempting to advance a theory that has been uniformly rejected as a matter of law by various courts. The Motion should be granted, and Count I of Plaintiff's Complaint [Dkt. 2] should be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, EnerVest moves to dismiss Count I of Plaintiff's Complaint [Dkt. 2] with prejudice.

Respectfully submitted,

*/s/* Greg A. Castro
Greg A. Castro, OBA No. 11787
Mark K. Stonecipher, OBA No. 10483
C. Eric Shephard, OBA No. 22299
FELLERS, SNIDER, BLANKENSHIP,
 BAILEY & TIPPENS, P.C.
100 North Broadway, Suite 1700
Oklahoma City, OK  73102-9211
Telephone:  (405) 232-0621
Facsimile:  (405) 232-9659
*GCastro@FellersSnider.com*
*MStonecipher@FellersSnider.com*
*EShephard@FellersSnider.com*
**Attorneys for Defendant,**
**EnerVest Operating, LLC**

743718/16477

## CERTIFICATE OF SERVICE

  I hereby certify that on December 4, 2018, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all listed ECF registrants.

                */s/* Greg A. Castro _____
                Greg A. Castro