# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

STEADFAST INSURANCE COMPANY,
a subsidiary of ZURICH HOLDING
COMPANY OF AMERICA, INC.,

Plaintiff,

v.

Case No. 18-CV-457-GKF-JFJ

EAGLE ROAD OIL LLC; CUMMINGS
OIL COMPANY; TERRITORY
RESOURCES, LLC; ENERVEST
OPERATING, LLC; PETRO WARRIOR,
LLC; PETROQUEST ENERGY, LLC; and
TRINITY OPERATING (USG), LLC,

Defendants.

## OPINION AND ORDER

Before the court are three motions: the Motion to Dismiss [Doc. 46] of defendant Trinity Operating (USG), LLC; the Motion to Dismiss [Doc. 49] of defendant Territory Resources, LLC; and the Motion to Dismiss [Doc. 55] of defendant Petro Warrior, LLC. The moving defendants seek dismissal of plaintiff's claims based on, among other grounds, the rule against claim splitting. For the reasons set forth below, the motions are granted. For the same reasons, the court also dismisses, *sua sponte*, plaintiff's claims against the non-moving defendants.

### I. Background

**A. Allegations in the Complaint**

According to the Complaint [Doc. 2], plaintiff Steadfast Insurance Company ("Steadfast") had an insurance agreement with the Pawnee Nation of Oklahoma (the "Nation"). Steadfast alleges that defendants' disposal of fracking wastewater into Oklahoma's Arbuckle Limestone Formation caused earthquakes, which, in turn, "caused the Nation to suffer more than $400,000.00 in physical and market value damages to its historical government buildings." [*Id.* ¶ 40]. Steadfast

asserts claims for absolute liability, negligence, trespass, and nuisance. It seeks "to enforce its rights of subrogation" and to recover $324,269.98 that it paid the Nation pursuant to the terms of the insurance agreement. [*Id.* ¶ 5].

**B. Related Case**

About three months before Steadfast commenced this lawsuit, the Nation commenced, in this district, a related lawsuit captioned *Pawnee Nation of Oklahoma v. Eagle Road Oil LLC, et al.*, Case No. 4:18-cv-263-JED-JFJ.[1] The attorneys representing the Nation in that lawsuit also represent Steadfast in this lawsuit, and the Nation's allegations in that lawsuit largely mirror Steadfast's allegations in this lawsuit. The Nation asserts the same causes of action against the same defendants and seeks to recover the same damages. Specifically, the Nation alleges that the same earthquakes "caused the Nation to suffer more than $400,000.00 in physical and market value damages to its historical government buildings." [SAC ¶ 40].

## II. Applicable Law

**A. Oklahoma Law**

**1. Rule against Claim Splitting**

Under Oklahoma law, "a single tort or wrong to a single person gives rise to but a single action however numerous the items of damage resulting from the single wrong or tort may be." *Lowder v. Oklahoma Farm Bureau Mut. Ins. Co.*, 436 P.2d 654, 657 (Okla. 1967). Oklahoma courts recognize that a "defendant has a right to be proceeded against in a single action by any injured party for his single wrong or tort," as opposed to being "subjected to defense of multiple actions arising from his single wrong or tort upon separate or separable items of damage arising from that single wrong or tort for which he has but a single liability." *Id.* at 658. "To avoid

---

[1] The court takes judicial notice of the filings in the related lawsuit, including the Nation's Second Amended Class Action Complaint ("SAC"), filed on April 1, 2019, at ECF 104.

multiple and potentially vexatious lawsuits against the defendant liable for such a single wrong, the law proscribes 'splitting' of such a single cause of action or claim." *Muskogee Title Co. v. First Nat. Bank & Tr. Co. of Muskogee*, 894 P.2d 1148, 1150 (Okla. Civ. App. 1995) (citing *Lowder*, 436 P.2d at 658).

## 2. Subrogated Insurers

When an insurer establishes a claim as subrogee, Oklahoma courts say that the subrogated insurer "steps into the shoes of the plaintiff." *State Farm Mut. Auto. Ins. Co. v. Payne*, 408 P.3d 204, 208 (Okla. 2017). The subrogated insurer brings the same cause of action as the insured, to recover damages arising from the same injuries as the insured; in short, the subrogated insurer maintains a suit in its own name to redress wrongs done to its insured. *Id.* The insurer takes the claim of the insured subject to all legal and equitable defenses that the tortfeasor may have against the insured and acquires no rights greater than those of the insured. *Id.* "The right of subrogation is not a matter of strict right, but is designed to promote and to accomplish justice." *Lowder*, 436 P.2d at 657. Thus, "it will not be allowed where the legal and equitable rights of others are defeated." *Id.*

In *Muskogee Title*, the Oklahoma Court of Appeals summarized the law regarding the rule against claim splitting in the context of subrogated insurers as follows:

> [O]n the one hand, Oklahoma decisions hold that where an insured suffers a loss occasioned by the wrong of a third party and the insured stands fully compensated for the value of the loss by the insurer, the fully subrogated insurer as the real party in interest may bring an action in its own name to recover to the extent of its payment for the loss. On the other hand, where the insured does not stand fully compensated for the value of the loss by insurer, Oklahoma decisions hold the insured, as a real party in interest, may properly bring an action in his own name and/or as trustee for the partially subrogated insurer to recover for the full amount of the loss. Thus, absent waiver of the benefits of the claim-splitting proscription or full compensation of the insured for the value of the loss, a partially subrogated insurer may not maintain an action in its

3

> own name directly against the person causing the loss to recover on its subrogated interest, such a claim constituting an impermissible splitting of the insured's cause of action, potentially and improperly exposing the defendant to multiple lawsuits.

894 P.2d at 1150 (citations omitted). Oklahoma law permits a subrogated insurer and the insured to join as co-plaintiffs in the same action against the defendant to recover for the entire loss. *Id.* at 1151.

## B. Federal Law

### 1. Rule against Claim Splitting

Like Oklahoma state courts, federal courts also recognize a rule against claim splitting, which "requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). "By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'" *Id.* (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002)). "[T]he claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation." *Katz*, 655 F.3d at 1218–19. Thus, district courts may dismiss cases on grounds of improper claim spitting, based on their "discretion to control their dockets by dismissing duplicative cases." *Katz*, 655 F.3d at 1217.

The Tenth Circuit analyzes claim splitting "as an aspect of res judicata," but "a final judgment is not a necessary component of the claim-splitting analysis." *Id.* at 1217–18. The Tenth Circuit has held that the test for claim splitting is "whether the first suit, assuming it were final, would preclude the second suit." *Id.* at 1218. In cases based on diversity jurisdiction, the Tenth Circuit has looked to state law when determining the preclusive effect to be afforded an earlier

lawsuit for purposes of the claim-splitting analysis. *See Hartsel*, 296 F.3d at 986; *Mid-Continent Cas. Co. v. True Oil Co.*, 767 F.3d 1000, 1004 (10th Cir. 2014).

**2. Subrogated Insurers**

The Tenth Circuit has held that "an insurance company is a real party in interest to the extent it has reimbursed the loss for which compensation is sought." *Garcia v. Hall*, 624 F.2d 150, 151 (10th Cir. 1980) (citing *Am. Fid. & Cas. Co. v. All Am. Bus Lines*, 179 F.2d 7, 11 (10th Cir. 1949)). If an insurer-subrogee has paid an entire loss suffered by the insured, then it is the only real party in interest and must sue in its own name. *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380–81 (1949). If the insurer has paid only part of the loss, both the insured and insurer have substantive rights that qualify them as real parties in interest. *Id.* at 381.

Where an insured has been reimbursed for only a part of its loss, either the insured or insurer may institute the action, but generally, "upon timely motion of the alleged wrongdoer, the other should be joined as a party." *Gas Serv. Co. v. Hunt*, 183 F.2d 417, 419 (10th Cir. 1950); *see also Pub. Serv. Co. of Okl. v. Black & Veatch*, 467 F.2d 1143, 1144 (10th Cir. 1972) (declining to overrule *Hunt*); *Garcia*, 624 F.2d at 152 (recognizing exception where joinder would defeat jurisdiction). Where "the insured brings suit, the insurer who is partially subrogated may intervene in the action to protect [its] pro rata share of the potential recovery." *Pub. Serv. Co. of Okl.*, 467 F.2d at 1145 (quoting Wright & Miller, Federal Practice and Procedure: Civil § 1546); *see also Kelley v. Summers*, 210 F.2d 665, 673 (10th Cir. 1954) (partially-subrogated insurer had sufficient interest to intervene as a matter of right).

### III. Analysis

The movants argue that Steadfast's claims in this lawsuit are barred because they constitute impermissible claim splitting. Steadfast concedes that it "did not compensate the Nation to the

full extent of its property damage." [Doc. 53, p. 13]. Steadfast argues, however, that, as a partially subrogated insurer, it is a real party in interest.

The court agrees that Steadfast, as a partially subrogated insurer, is a real party in interest pursuant to *Aetna*, 338 U.S. at 381, and its progeny. But that does not resolve the claim-splitting issue. In another lawsuit pending in this district, Steadfast's insured—the Pawnee Nation—asserts the same causes of action against the same defendants and seeks to recover the same damages arising from the same injury. These duplicative actions concern the same factual and legal issues. Allowing both actions to proceed would waste judicial resources, risk inconsistent rulings, and unfairly subject defendants to multiple lawsuits arising from the same transaction and the same injury. Steadfast has identified no reason why it did not file a single lawsuit with the Nation as co-plaintiffs or why it could not seek to intervene in the Nation's first-filed lawsuit, as contemplated by the Tenth Circuit in *Pub. Serv. Co. of Okl.*, 467 F.2d at 1145. Nor can the court discern such a reason, as the same attorneys represent Steadfast and the Nation.

Under Tenth Circuit precedent, the test for whether the claim-splitting rule applies is whether the first-filed suit, assuming it were final, would preclude this lawsuit. *Katz*, 655 F.3d at 1218. In general, "[t]here must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same." *Katz*, 655 F.3d at 1217 (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)).[2] In this lawsuit, Steadfast asserts the same rights and prays for essentially the same relief based on the same facts

---

[2] Under Oklahoma law, the elements of claim preclusion are (1) identity of subject matter and the parties or their privies in the prior litigation; (2) a court of competent jurisdiction heard the prior litigation; and (3) the judgment rendered in the prior litigation must have been a judgment on the merits of the case and not upon purely technical grounds. *Robinson v. Texhoma Limestone, Inc.*, 100 P.3d 673, 677 n.11 (Okla. 2004).

as the Nation does in the first-filed lawsuit. Under Oklahoma law, Steadfast, as an insurer asserting a subrogation claim, "steps into the shoes" of the Nation. *State Farm Mut. Auto. Ins. Co.*, 408 P.3d at 208. Whether for the Nation or for defendants, a final judgment on the merits in the first-filed action would preclude Steadfast from subsequently bringing an action like this one against defendants for the same loss. The rule against claim splitting thus applies. Accordingly, the court dismisses Steadfast's claims against all defendants without prejudice on the basis of improper claim splitting.

### IV. Conclusion

WHEREFORE, the Motion to Dismiss [Doc. 46] of defendant Trinity Operating (USG), LLC; the Motion to Dismiss [Doc. 49] of defendant Territory Resources, LLC; and the Motion to Dismiss [Doc. 55] of defendant Petro Warrior, LLC are granted. In addition, the court, *sua sponte*, dismisses plaintiff's claims against the non-moving defendants—Eagle Road Oil LLC; Cummings Oil Company; Enervest Operating, LLC; and Petroquest Energy, LLC.

IT IS SO ORDERED this 7th day of June, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE